NICHOLAS DOLL, RESPONDENT, *v.* SAMUEL R. HARLOW, APPELLANT.

*Bankrupt act — seizure of property by marshal — right of owner to recover the value of.*

Where property, alleged to belong to a bankrupt, is seized by the marshal, and, before an order is made by the bankruptcy court directing its sale, an action of trover is commenced by the owner thereof, he is entitled to recover its full value, and is not limited to the amount realized upon a sale subsequently ordered.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This action was brought to recover the value of certain property, unlawfully taken from the possession of the plaintiff by the defendant.

The property was taken by the defendant, a United States marshal, under a warrant issued from the bankruptcy court, directing

* Ames v. N. Y. Union Ins. Co., 14 N. Y., 253 ; Rowley v. Empire Ins. Co., 36 id., 550.

him to take possession of all the estate, real and personal, of one George Merkle, against whom a petition in bankruptcy had been filed January 24, 1871. This action was commenced February 27, 1871. On the 12th of April, 1871, an order was made, upon the petition of the assignee in bankruptcy of the said Merkle, requiring the plaintiff and others to show cause, on the fifteenth of that month, why the property should not be sold. On that day, no one appearing to oppose, an order was made directing the assignee to sell the property. There was realized upon the sale the sum of $669.25. The defendant claimed that the plaintiff's recovery was limited, by section 25 of the bankrupt act, to the amount so realized. Section 25 of the bankrupt act is as follows:

"Whenever it appears to the satisfaction of the court that the title to any portion of an estate, real or personal, which has come into possession of the assignee, or which is claimed by him, is in dispute, the court may, upon the petition of the assignee, and after such notice to the claimant, his agent, or attorney, as the court shall deem reasonable, order it to be sold, under the direction of the assignee, who shall hold the funds received in place of the estate disposed of.

"And the proceeds of the sale shall be considered the measure of the value of the property in any suit or controversy between the parties in any courts.

"But this provision shall not prevent the recovery of the property from the possession of the assignee by any proper action commenced at any time before the court orders the sale."

The court held that the plaintiff was entitled to recover the full value of the property, and judgment was entered accordingly.

*Tracy, Catlin & Brodhead*, for the appellant.

*Edward Van Ness*, for the respondent.

BARNARD, P. J.:

The only point to be considered upon this appeal, which has not already been disposed of by this court upon the previous appeal in the same case, is, whether the damages given at the circuit are too high. It seems that after the marshal took the property from plain-

tiff's possession, the bankrupt court ordered its sale. It is claimed under section 25 of the bankrupt act, that the proceeds of the sale should be considered the measure of the value of the property, in any suit or controversy between the parties in any court. By the terms of this section, a recovery of the property is permitted at any time before the court orders the sale. The court did right, therefore, in giving the actual value of the property. Judgment affirmed, with costs.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.